810 F.2d 344
 Vincent MORELLO, Plaintiff-Appellant,
v.
Charles JAMES, J. Nowakawski, Correction Officer, and Thomas
A. Coughlin, Commissioner of the New York State
Department of Correctional Services,
Defendants-Appellees.
Vincent MORELLO, Plaintiff-Appellant,
v.
Harold J. SMITH, Superintendent, Thomas A. Coughlin, and
Unknown Correctional Officers, Defendants-Appellees.
 No. 183, Docket 86-2106.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 28, 1986.
Decided Jan. 26, 1987.
 
 Thomas J. Moloney, New York City (Mitchell A. Lowenthal, Cleary, Gottlieb, Steen & Hamilton, New York City, of counsel), for plaintiff-appellant.
 Peter G. Crary, Asst. Atty. Gen., Albany, N.Y. (Robert Abrams, Atty. Gen., Peter H. Schiff, Deputy Sol. Gen., Nancy A. Spiegel, Asst. Atty. Gen., Albany, N.Y., of counsel), for defendants-appellees.
 Before MESKILL, MINER and ALTIMARI, Circuit Judges.
 MESKILL, Circuit Judge:
 
 
 1
 Vincent Morello appeals from two judgments of the United States District Court for the Western District of New York, Telesca, J., dismissing his civil rights claims brought under 42 U.S.C. Sec. 1983 (1982) for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6). Morello complained that New York state prison officials violated his constitutional right of access to the courts by intentionally and selectively taking the pro se legal materials that he had prepared for his state court appeal of his criminal convictions. The district court decided that, even if the facts alleged by Morello were sufficient to support a claim of substantive due process violation, the opinion in Love v. Coughlin, 714 F.2d 207 (2d Cir.1983) (per curiam), required dismissal. We reverse.
 
 BACKGROUND
 
 2
 We adopt the district court's succinct statement of the facts, which accepts as true Morello's account of events:
 
 
 3
 In the early morning of November 6, 1983, while Morello was incarcerated at the Collins Correctional Facility, he completed work on a brief for an appeal he had pending before the Appellate Division of the New York Supreme Court, Fourth Department. Later that day, before his appellate brief could be notarized, Morello was segregated from the general population and placed in confinement. All of his property was "packed up," and placed in another room by Corrections Officer Nowakawski.
 
 
 4
 The following day, Morello was transferred to the Attica Correctional Facility. He did not receive any of his personal belongings until six days later, on November 13, 1983. When Morello's property was finally turned over to him, two of his eleven legal folders were missing. At some point during his transfer from Collins to Attica, Morello alleges that as yet unidentified correctional officers searched his bags, and arbitrarily stole various items of his personal property, including his appellate briefs and records of a phone call made by his attorney to the Niagara Falls police. Also taken were all of his notes, research materials, and rough draft worksheets. Morello alleges that the loss caused him irreparable harm in perfecting his appeal, since he had received legal assistance in the preparation of his appellate brief that could not be replaced.
 
 
 5
 Morello's complaint, brought pursuant to 42 U.S.C. Sec. 1983, seeks punitive and compensatory damages, as well as other appropriate relief, for the "theft and removal" of his appellate pro se brief and research.
 
 
 6
 Morello v. James, 627 F.Supp. 1571 (W.D.N.Y.1986) (consolidating Morello's substantially identical claims against officials at Collins Correctional Facility and Attica Correctional Facility).
 
 
 7
 Although Morello has since obtained legal assistance, he brought his section 1983 complaint pro se before the district court and received a liberal construction of his pleadings as required by Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 175, 66 L.Ed.2d 163 (1980) (per curiam); Salahuddin v. Coughlin, 781 F.2d 24, 28-29 (2d Cir.1986). The district court read Morello's section 1983 complaint as alleging that state prison officials acted intentionally and in violation of his substantive constitutional right of access to the courts, but did not decide whether the facts alleged were sufficient on their face to support such a claim. Instead, the court dismissed the complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) because it found Morello's case to be factually and legally indistinguishable from Love, which in turn rested on an interpretation of Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).
 
 
 8
 In Parratt, prison officials negligently lost a prisoner's hobby materials worth $23.50. The Supreme Court reviewed the prisoner's section 1983 claim that he was deprived of personal property without due process of law and held that, although there had been a negligent deprivation, " 'the existence of an adequate state remedy ... avoids the conclusion that there has been any constitutional deprivation of property without due process of law within the meaning of the Fourteenth Amendment.' " 451 U.S. at 542, 101 S.Ct. at 1916 (quoting Bonner v. Coughlin, 517 F.2d 1311, 1319 (7th Cir.1975), modified in banc, 545 F.2d 565 (7th Cir.1976), cert. denied, 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 529 (1978)).[1]
 
 
 9
 In Love, we affirmed the rejection of a section 1983 claim based on an allegation that state officials had lost some of the prisoner's personal property, including certain legal materials. 714 F.2d at 208-09. In a two paragraph opinion, we affirmed the district court's sua sponte dismissal of Love's section 1983 complaint. It is significant that Love was originally decided by unpublished summary order and published later at the suggestion of the district court. 714 F.2d at 207 n. *. Unpublished orders of the Court are frequently conclusory in nature, with discussion limited to the parties' strongest claims. The Love opinion noted that the allegation of interference with Love's access to the courts appeared in his objection to the magistrate's recommendation for dismissal rather than in Love's complaint. We did not treat the allegation as an amendment to the complaint. Love's interference with access to the courts claim was not discussed further and we did not rule on the sufficiency of a complaint based on such a claim. Therefore, Love does not control the outcome here.
 
 DISCUSSION
 
 10
 We have no doubt that Morello's complaint, as interpreted by the district court, describes an unconstitutional denial of Morello's right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821-23, 97 S.Ct. 1491, 1494-95, 52 L.Ed.2d 72 (1977); Washington v. James, 782 F.2d 1134, 1138 (2d Cir.1986); Procup v. Strickland, 760 F.2d 1107, 1110 n. 4 (11th Cir.1985) (sources of right of access include the First Amendment, the Due Process Clauses of Fifth and Fourteenth Amendments, and the Privileges and Immunities Clause of Article IV, section 2). The right of access to the courts is substantive rather than procedural. Its exercise can be shaped and guided by the state, Bounds, 430 U.S. at 825, 97 S.Ct. at 1496, but cannot be obstructed, regardless of the procedural means applied. Johnson v. Avery, 393 U.S. 483, 485, 89 S.Ct. 747, 748, 21 L.Ed.2d 718 (1969) ("[I]t is fundamental that access of prisoners to the courts for the purpose of presenting their complaints may not be denied or obstructed."); see Daniels v. Williams, 474 U.S. 327, ----, 106 S.Ct. 662, 677, 88 L.Ed.2d 662 (1986) (Stevens, J., concurring in the judgment) ("[I]f the Federal Constitution prohibits a State from taking certain action 'regardless of the fairness of the procedures used to implement them,' the constitutional violation is complete as soon as the prohibited action is taken....") (citation omitted).
 
 
 11
 Where a prisoner chooses to proceed pro se with his appeal, the state is required to provide affirmative assistance in the form of adequate law libraries or trained legal assistance, Bounds, 430 U.S. at 828, 97 S.Ct. at 1498, as well as adequate drafting materials and reasonable postage. Chandler v. Coughlin, 763 F.2d 110, 114-15 (2d Cir.1985); see Project, Fifteenth Annual Review of Criminal Procedure, 74 Geo.L.J. 499, 973-76 (1986). Surely the state cannot satisfy this obligation by providing a prisoner access to the legal resources necessary to prepare his case and then depriving him of his pro se work product. Whether the deprivation of Morello's work product ultimately violated his right of access to the courts under the circumstances of this case is a factual question yet to be resolved. We merely hold that plaintiff has pleaded the violation of a substantive constitutional right.
 
 
 12
 Having so concluded, we turn to the protections available to Morello. The issue is whether the rule of Parratt and the existence of an adequate state remedy foreclose section 1983 claims that are based on substantive rather than procedural violations of constitutional rights.
 
 
 13
 At the outset, we note that the basic rule of Parratt was not disturbed by the subsequent holding in Daniels that negligence cannot form the predicate for a section 1983 claim.[2] In the case before us, Morello claims that the theft of his legal materials was deliberate, not negligent. Daniels, therefore, does not apply.
 
 
 14
 Parratt reaffirms the Supreme Court's concern that section 1983 not be made a vehicle for transforming mere civil tort claims into constitutional injuries. 451 U.S. at 542, 101 S.Ct. at 1916. The Daniels Court wrote: "Our Constitution deals with the large concerns of the governors and the governed, but it does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society." 474 U.S. at ----, 106 S.Ct. at 664. There is, however, a fundamental difference between Parratt and the present case. The loss of a hobby kit in Parratt could not rise to constitutional magnitude unless there was an accompanying failure of procedural redress. Cf. Parratt, 451 U.S. at 545, 101 S.Ct. at 1917 (Stewart, J., concurring) ("But even if Nebraska has deprived the respondent of his property in the constitutional sense, it has not deprived him of it without due process of law. By making available to the respondent a reparations remedy, Nebraska has done all that the Fourteenth Amendment requires in this context.").
 
 
 15
 On the other hand, intentional obstruction of a prisoner's access to the courts is precisely the sort of oppression that the Fourteenth Amendment and section 1983 are intended to remedy. Parratt, 451 U.S. at 545, 101 S.Ct. at 1917 (Blackmun, J., concurring) ("[T]here are certain governmental actions that, even if undertaken with a full panoply of procedural protection, are in and of themselves, antithetical to fundamental notions of due process. See, e.g., Boddie v. Connecticut, 401 U.S. 371 [91 S.Ct. 780, 28 L.Ed.2d 113] (1971); Roe v. Wade, 410 U.S. 113 [93 S.Ct. 705, 35 L.Ed.2d 147] (1973)."); Bounds, 430 U.S. at 825, 97 S.Ct. at 1496; Johnson, 393 U.S. at 485, 89 S.Ct. at 748.
 
 
 16
 Intentional, substantive violations of constitutional rights are not subject to the rule of Parratt. See McClary v. O'Hare, 786 F.2d 83, 86-89 & n. 6 (2d Cir.1986) (discussing substantive due process claims in light of Parratt; no substantive due process violation in reckless injury to employee as long as challenged state conduct is not uniquely governmental in character); Conway v. Village of Mount Kisco, 758 F.2d 46, 48-49 (2d Cir.1985) (Parratt is limited to special situations involving deprivations of property), cert. dismissed as improvidently granted sub nom. Cerbone v. Conway, --- U.S. ----, 107 S.Ct. 390, 93 L.Ed.2d 325 (1986). Other circuits have considered the question and reached the same conclusion. See Creative Environments, Inc. v. Estabrook, 680 F.2d 822, 832 n. 9 (1st Cir.) (dictum), cert. denied, 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982); Riley v. Jeffes, 777 F.2d 143, 147-48 (3d Cir.1985) (pervasive risk of harm in violation of prisoner's Eighth Amendment rights is actionable under section 1983; similar risk of property loss without due process in violation of Fourteenth Amendment is not); Daniels v. Williams, 720 F.2d 792, 796 (4th Cir.1983) (Parratt analysis applies to deprivations of non-property interests which do not violate substantive constitutional rights), aff'd on rehearing, 748 F.2d 229 (4th Cir.1984) (in banc), aff'd on other grounds, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); O'Quinn v. Manuel, 773 F.2d 605, 608 (5th Cir.1985) (Parratt rule does not apply to alleged violations of substantive rights incorporated into the Fourteenth Amendment) (citing Augustine v. Doe, 740 F.2d 322, 325-27 (5th Cir.1984)); Wilson v. Beebe, 770 F.2d 578, 585-86 (6th Cir.1985) (in banc) (Parratt rule applies equally to procedural due process claims for deprivation of liberty and property, but (dictum) not to substantive due process claims); Gumz v. Morrissette, 772 F.2d 1395, 1399-1400 n. 3 (7th Cir.1985) (dictum) (Parratt would not bar Fourth Amendment claim of excessive use of force during an arrest), cert. denied, --- U.S. ----, 106 S.Ct. 1644, 90 L.Ed.2d 189 (1986); L & H Sanitation, Inc. v. Lake City Sanitation, Inc., 769 F.2d 517, 523-24 (8th Cir.1985) (dictum) (Parratt does not bar a section 1983 claim based on a substantive constitutional right); Robins v. Harum, 773 F.2d 1004, 1009 (9th Cir.1985) (Parratt not applicable to claim of violation of Fourth Amendment right to be free of excessive use of force during arrest); Lavicky v. Burnett, 758 F.2d 468, 472 n. 1 (10th Cir.1985) (dictum) (Parratt inapplicable to violations of substantive constitutional proscriptions under the Fourth Amendment), cert. denied sub nom. Moore v. Lavicky, --- U.S. ----, 106 S.Ct. 882, 88 L.Ed.2d 917 (1986); Gilmere v. City of Atlanta, 774 F.2d 1495, 1499-1500 (11th Cir.1985) (in banc) (substantive due process claims survive in the wake of Parratt, despite existence of a parallel state tort remedy), cert. denied, --- U.S. ----, 106 S.Ct. 1970, 90 L.Ed.2d 654 (1986); Hall v. Sutton, 755 F.2d 786, 787-88 (11th Cir.1985) (Parratt inapplicable to substantive claim of retaliation against prisoner for use of courts).
 
 
 17
 To the extent that the district court in this case relied on the abbreviated discussion of substantive rights in Love, the court was mistaken. Love clearly dealt with a procedural due process violation actually pleaded by the plaintiff and not with an intentional violation of Love's substantive right of access to the courts.
 
 
 18
 The judgments of the district court are reversed and the case is remanded for further proceedings.
 
 
 
 [1]
 In Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), the Court ruled that the protections of the Due Process Clause of the Fourteenth Amendment, whether procedural or substantive, are not triggered by the merely negligent acts of prison officials. Id. at ----, 106 S.Ct. at 662; Davidson v. Cannon, 474 U.S. 344, ----. 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986). Daniels overruled the portion of Parratt that would permit section 1983 due process claims grounded in negligence. 474 U.S. at ----, 106 S.Ct. at 664
 
 
 [2]
 Because Love was decided before Daniels, the question of the sufficiency of Love's negligence-based claim never arose. Morello's claim that the theft of his legal papers was intended to deprive him of access to the courts also distinguishes this case from Love