927 F.2d 603
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William A. Bell Bey, Plaintiff-Appellant,
Dwight Harris-El; Tony Lawson, Plaintiffs,
v.
Penny ROOT, et al., Defendants-Appellees.
 No. 90-1820.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1991.
 
 1
 W.D. Mich., 90-00241, Gibson, C.J.
 
 
 2
 W.D.Mich.
 
 
 3
 AFFIRMED.
 
 
 4
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges; and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 5
 William A. Bell Bey, a pro se Michigan prisoner, appeals the summary judgment in favor of defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. Additionally, Bell Bey moves for in forma pauperis status. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 6
 Bell Bey sued several employees of the Michigan Department of Corrections who were assigned to the Ionia Maximum Facility, alleging: (1) that he was denied his first amendment rights due to defendants' alleged refusal to allow him to purchase a fez from a particular vendor of religious material; and (2) that defendant Root issued him a misconduct ticket to prevent him from conducting religious services in his cell, in violation of his first amendment rights. Bell Bey sought declaratory and monetary relief.
 
 
 7
 After both parties had filed motions for summary judgment, the magistrate recommended that defendants' motion for summary judgment be granted in part and denied in part. Specifically, the magistrate found that Policy Directive PD-BCF-63.03, which prohibits the receipt of material from sources other than approved vendors, was reasonably related to legitimate penological interests. See Turner v. Safley, 482 U.S. 78, 88-91 (1987). The magistrate concluded that the defendants were entitled to judgment as a matter of law on Bell Bey's claim regarding the purchase of the fez from an approved vendor. The magistrate denied the motion as it related to Bell Bey's claim involving the misconduct ticket, however, finding there was a genuine issue of fact regarding why Bell Bey was issued a misconduct ticket.
 
 
 8
 After both parties had filed objections, the district court accepted the magistrate's recommendation that defendants' motion for summary judgment be granted in part. The court, however, rejected that portion of the report that recommended denial of summary judgment on the claim involving the misconduct ticket. The court found that Bell Bey failed to present sufficient evidence that would support a finding that he had suffered a deprivation as a result of defendant Root's action. In its findings, the court noted that since the misconduct charge was dropped, Bell Bey was not subjected to punishment as a result of defendant Root's actions. Compare Franco v. Kelly, 854 F.2d 584, 589-90 (2d Cir.1988) (allegations that false disciplinary charges and subsequent punishment was undertaken in response to a prisoner's first amendment activity states a cause of action under Section 1983). The court further found that Bell Bey failed to establish that his substantive constitutional rights were abridged by defendant Root's conduct. The court noted the absence of evidence to support a finding that the issuance of the misconduct ticket intentionally obstructed in some manner Bell Bey's first amendment rights. Compare Morello v. James, 810 F.2d 344, 346-47 (2d Cir.1987) (intentional confiscation of a prisoner's appellate brief and other legal work infringed first amendment right of access to the courts).
 
 
 9
 Upon review, we find no error. There is no dispute of fact and defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 10
 Because the district court granted Bell Bey's motion for in forma pauperis status on September 10, 1990, the motion for in forma pauperis status is denied as moot. The district court's judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation