Ronald Lee **RHODES,** Plaintiff,

v.

Stanley **KNIGHT, et al.,** Defendants.

No. 90–3258–DES.

United States District Court,
D. Kansas.

Aug. 3, 1994.

Ronald Lee Rhodes, pro se.

Terry D. Hamblin, Martha M. Snyder, Office of Atty. Gen., Topeka, KS, for defendants Stanley Knight, G. Brown, Lt., Carl Baker, Carolyn Beyers, Anthony Perez, D.V. Hendry, Glenn Lee, Dale Sturgeon, M.R. Lemen, Gene Sterns.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on defendants' motion for summary judgment (Doc. 33). Plaintiff has filed a response (Doc. 36) and a cross-motion for summary judgment (Doc. 38), and this matter is now ripe for review.

Plaintiff is an inmate serving a life sentence in the custody of the Secretary of the Kansas Department of Corrections. In this civil rights action filed pursuant to 42 U.S.C. § 1983, plaintiff alleges his constitutional rights were violated by his placement in administrative segregation, his reassignment from work in the prison food service area, and by the denial of access to his legal materials. He seeks declaratory and injunctive relief and damages.

Having examined the record in this matter, the court makes the following findings and order.

*Factual Background*

On June 22, 1990, plaintiff was placed in administrative segregation after an incident of insubordination to prison officials. Plaintiff was given written notice of the reason for his placement in segregation on the same day, and the notice set forth the portion of the Kansas Administrative Regulations governing such placement. Plaintiff signed the notice. (Doc. 27, Ex. 3.)

On at least one occasion, plaintiff was removed from his employment in Food Services due to concerns about his behavior and influence on escalating racial tensions in that area. (*Martinez* report, Ex. 7.) Following his removal from the assignment in June 1990, plaintiff was placed on lay-in status and continued to receive pay. In September 1990, he was assigned to the prison laundry detail, and in October 1990, he was transferred to the maintenance detail. In January 1991, plaintiff was assigned to the Education Department. (Doc. 29, par. B.10.)

*Discussion*

Summary judgment is appropriate only when the evidence, construed in the light most favorable to the nonmoving party, shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The moving party has the burden of showing the absence of a genuine issue of material fact, and this burden "may be discharged by 'showing'— that is, pointing out to the district court— that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The nonmoving party may not rest upon mere conclusory allegations or denials. Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue for trial. *Abercrombie v. City of Catoosa, Okla.*, 896 F.2d 1228, 1230 (10th Cir.1990).

■ The court first considers plaintiff's assertion he was improperly placed in administrative segregation on June 22, 1990. Plaintiff was placed in administrative segregation pursuant to Kansas Administrative Regulation (K.A.R.), 44–13–302(g), which provides for the segregation of an inmate whose conduct is potentially disruptive. The record demonstrates plaintiff received written notice as contemplated by K.A.R. 44–14–305, and the court concludes plaintiff re-

ceived adequate due process to support the placement in segregation. Plaintiff was retained in segregation as a security risk until late July, and was almost immediately returned to segregation after threatening an officer. Having examined the record and *Martinez* report, the court is persuaded there was sufficient cause for the decision to retain plaintiff in segregated housing for the period involved and concludes plaintiff is entitled to no relief on this claim.

■ The court next considers plaintiff's claim he was improperly removed from his work assignment in the prison food service unit. Plaintiff asserts he was removed due to his race and argues the removal was therefore impermissibly discriminatory. The exhibits offered by defendants show plaintiff was removed from the assignment "for administrative reasons" (Doc. 27, Ex. 4).

The court finds plaintiff is entitled to no relief on his claim of discrimination. Even assuming the job assignment regarding plaintiff was done for the purpose of achieving racial balance, it does not follow that the transfers were the result of discrimination. The goal of achieving racial balance in prison employment and housing units may be met by deliberate transfers effected by prison officials. *See, e.g., Taylor v. Perini,* 421 F.Supp. 740 (N.D.Ohio 1976) (discussing special master's report regarding transfer and removal of inmates to and from job assignments); *Taylor v. Perini,* 455 F.Supp. 1241, 1261 (N.D.Ohio 1978) (noting job hiring decision based on need to achieve racial balance in particular work area).

Plaintiff has not alleged he has been denied a privilege enjoyed by other inmates, nor has he suggested any activity which might show a pattern of discrimination in inmate employment decisions. Plaintiff received wages during the period he was on lay-in status, and the mere removal from an inmate work assignment under the circumstances presented by the record does not implicate a constitutionally-protected interest. Defendants are entitled to summary judgment on this issue.

■ Finally, plaintiff claims he was denied access to the courts by a deprivation of his legal materials. It is, of course, settled that an indigent inmate has a constitutional right of access to the courts. *Bounds v. Smith,* 430 U.S. 817, 821–22, 97 S.Ct. 1491, 1494–95, 52 L.Ed.2d 72 (1977). In *Bounds,* the United States Supreme Court stated that this right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828, 97 S.Ct. at 1498. The right of access, however, has not been extended "further than protecting the ability of an inmate to prepare a petition or complaint." *Wolff v. McDonnell,* 418 U.S. 539, 576, 94 S.Ct. 2963, 2984, 41 L.Ed.2d 935 (1974).

Here, plaintiff alleges the deprivation of his legal materials resulted in the dismissal of an appeal filed in *Rhodes v. Maschner,* Case No. 87–3211–S, 1989 WL 103430 (D.Kan. Aug. 29, 1989).[1] Defendants have responded to this claim with records which show that at the time of a personal property inventory on January 17, 1990, plaintiff had in his possession one folder containing legal documents. The only evidence of an incident in which plaintiff was required to send material from the facility occurred on April 14, 1991, long after the dismissal in question.

■ The denial of access to all of an inmate's legal materials may state a claim. *See, e.g., Morello v. James,* 810 F.2d 344 (2d Cir.1987) (legal papers seized during search of cell, inmate alleged irreparable harm to appeal); *Carter v. Hutto,* 781 F.2d 1028 (4th Cir.1986) (legal papers confiscated and destroyed). Here, however, the court can find no evidence that plaintiff was deprived of all access to his legal materials and likewise finds nothing beyond plaintiff's bald allegations to establish that his appeal was dismissed due to limitations on his access to legal materials. It seems clear plaintiff had legal materials as late as mid-January 1990, and plaintiff has offered no response to defendants' argument that he failed to request

---

1. The court's records of this action show the appeal was dismissed by a mandate issued by the United States Court of Appeals for the Tenth Circuit on February 8, 1990.

assistance through available channels, such as Legal Services for Prisoners, in pursuing his legal activities. Accordingly, the court finds defendants are entitled to summary judgment on this issue as well.

IT IS THEREFORE ORDERED defendants' motion for summary judgment is granted. This matter is hereby dismissed and all relief is denied.