57 F.3d 1070
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Gordon Lynn STOCKENAUER, Plaintiff-Appellant,
v.
Paul DELEEUW, Defendant-Appellee.
 No. 94-1215.
 United States Court of Appeals, Sixth Circuit.
 June 2, 1995.
 
 Before: MERRITT, Chief Judge; GUY and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Gordon Stockenauer, a Michigan state prison inmate, claimed in a 42 U.S.C. Sec. 1983 action that his constitutional right of access to the courts had been violated because certain legal papers and documents were confiscated by the defendant and never returned to him. The papers and documents related to a federal court action, Stockenauer v. Putnam, No. 87-71879 (E.D. Mich. Nov. 21, 1989), then pending against another prison official. Plaintiff tried his case to a jury, and the jury found for the defendant. On appeal, the only issue raised concerns the jury instructions. The trial judge instructed the jury that one of the elements that plaintiff must prove was:
 
 
 2
 As a result of defendant's confiscating and refusing to return plaintiff's legal papers, plaintiff was prejudiced in his lawsuit Stockenauer v Putnam. By being "prejudiced" I mean that plaintiff must have suffered an actual injury to his litigation.
 
 
 3
 (App. 95.)
 
 
 4
 It is plaintiff's contention that this placed too great a burden on him and that the court should have given his requested instruction:
 
 
 5
 It is not necessary for Plaintiff to prove that he was prejudiced in his lawsuit for there to be a constitutional violation. It is enough if the Plaintiff proves by a preponderance of the evidence that he was deprived of the ability to possess the legal materials.
 
 
 6
 If you are satisfied that the Plaintiff has met this burden of proof, then you may infer that the Defendant violated Mr. Stockenauer's constitutional rights.
 
 
 7
 (App. 79.)
 
 
 8
 After reviewing the record and the applicable case law, we conclude that the trial judge properly instructed the jury. Accordingly, we affirm the judgment in favor of the defendant.
 
 I.
 
 9
 At all times relevant to these proceedings, plaintiff was an inmate housed at the Huron Valley Men's Facility (HVMF), which is a high security Michigan prison. Plaintiff also was in administrative segregation at the time the acts complained of occurred.
 
 
 10
 Several of the inmates had their own typewriters, and prison staff had been assaulted by homemade weapons that had been constructed from typewriter parts. Accordingly, a determination was made to search all of the cells containing a typewriter, to see if the typewriters had been altered or used in some manner for the construction of a weapon.
 
 
 11
 Plaintiff had a typewriter in his cell, and when the cell was searched, plaintiff was removed from the cell. Although it was against regulations to do so, plaintiff insisted on taking his file of legal papers with him. When plaintiff observed that it appeared that his typewriter was going to be confiscated, he began to create a disturbance. Ultimately the disturbance escalated to the point where a response team was called in, tear gas was used, and plaintiff was taken away handcuffed without his legal papers. The papers related to the pending lawsuit that the plaintiff had filed against Inspector Leland Putnam, an officer at HVMF. Stockenauer v. Putnam, No. 87-71879 (E.D. Mich. Nov. 21, 1989).
 
 
 12
 Plaintiff claims that his legal papers were never returned to him. Conversely, one of the officers at HVMF testified that he personally had gathered up plaintiff's papers and returned them to plaintiff's cell. The Putnam case ultimately went to trial, and plaintiff was represented by counsel in that trial. The jury returned a verdict for Putnam.
 
 
 13
 Stockenauer subsequently instituted this litigation naming Captain DeLeeuw and Sergeant Jungling as defendants. Stockenauer claimed that 1) the defendants had violated his Eighth Amendment rights by administering cruel and unusual punishment, 2) prison officials had shown deliberate indifference to his medical needs, and 3) his First Amendment right of access to the courts had been denied as a result of the confiscation of his legal materials. The complaint filed primarily addresses the alleged physical abuse that plaintiff was subjected to while his cell was being searched and the subsequent indifference to the injuries resulting from this physical abuse. Little is said about the confiscation of legal papers. After the defendants filed an answer, the plaintiff filed a response in which he alleged that the reason he was taken from his cell in the first instance was so that prison officials could copy his legal papers.
 
 
 14
 The defendants later moved for summary judgment, and, in plaintiff's response, he abandoned his cruel and unusual punishment claim and asserted that genuine issues of fact existed in connection with his access to the courts claim, as well as his Eighth Amendment claim of deliberate indifference to his medical needs. The summary judgment motion was referred to a magistrate judge for a report and recommendation. The magistrate judge concluded there was a genuine issue of material fact as to whether any legal documents were confiscated, and, if they were, whether plaintiff suffered injury in the presentation of his Putnam case as a result of the confiscation.[1] The magistrate judge also recommended that summary judgment be granted to the defendants with regard to plaintiff's claim of deliberate indifference to his medical needs. The district judge accepted those portions of the magistrate judge's report recommending summary judgment, but rejected that portion of the report recommending that plaintiff's access to the courts claim was still viable. The district judge then went on to grant full summary judgment to the defendants.
 
 
 15
 Stockenauer appealed to this court and by order dated January 22, 1993, we affirmed the grant of summary judgment on his Eighth Amendment claim, but reversed the grant of summary judgment to defendant DeLeeuw on plaintiff's access to the courts claim. We stated: "Stockenauer has shown that a genuine issue of material fact exists as to whether his legal papers were confiscated by defendant DeLeeuw, and whether he suffered prejudice as a result of this conduct." (App. 56.)
 
 
 16
 The case ultimately went to trial solely on the issue of the alleged First Amendment violation concerning the confiscation of defendant's legal papers which related to his suit against Putnam.
 
 
 17
 At trial, plaintiff was represented by counsel and at the conclusion of the trial the jury returned a verdict in favor of the defendant. This timely appeal followed.
 
 II
 
 18
 As stated earlier, the only issue presented by this appeal is whether the district court correctly instructed the jury that, if they found that plaintiff's legal papers had been confiscated and not returned to him, they must further find that "plaintiff was prejudiced in his lawsuit Stockenauer v. Putnam." (App. 95.) Plaintiff contends that the jury should have been instructed that, if the plaintiff "was deprived of the ability to possess the legal materials," that is all that is necessary to prove a constitutional violation. (App. 79.)
 
 
 19
 Prison inmates have a constitutional right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817 (1977). Since the decision in Bounds there has been a plethora of litigation concerning what constitutes meaningful access to the courts. Several of these cases involve the confiscation or taking of papers and documents relating to legal matters. Both sides have cited to a number of cases, allegedly in support of their respective positions. We have reviewed these cases as well as a host of other cases not cited by the parties, many of which are very recent. We find it unnecessary to review these cases in detail, because in general they are all distinguishable from the facts presented here.
 
 
 20
 The cases relied upon by the plaintiff, see, e.g., Morello v. James, 810 F.2d 344 (2d Cir. 1987), universally deal with situations in which an order of dismissal or an order of summary judgment was entered against a plaintiff. In these cases, the plaintiff claimed that legal papers relating to pending or proposed litigation had been confiscated, thus resulting in a denial of the constitutional right to meaningful access to the courts. The cases relied upon by the plaintiff hold that such an allegation by a plaintiff is sufficient to state a cause of action. However, as was stated by the court in Morello: "Whether the deprivation of Morello's work product ultimately violated his right of access to the courts under the circumstances of this case is a factual question yet to be resolved. We merely hold that plaintiff has pleaded the violation of a substantive constitutional right." Id. at 347.
 
 
 21
 The case at bar is distinguishable from Morello and others relied upon by the plaintiff in that we are not dealing with a dismissal of a plaintiff's complaint. Here, Stockenauer went to trial and with the assistance of counsel presented his case to the jury. Thus, any abstract claim relative to access to the courts is simply not present under these facts. Unlike all of the other cases relied upon by the plaintiff, Stockenauer had his day in court.
 
 
 22
 We note in this regard that it is not just access to the courts but meaningful access to the courts that is required. There can be little doubt that, if state action somehow resulted in Stockenauer being unable to prove an otherwise provable claim, an actionable violation would be stated. However, whatever may be the case in a situation in which a plaintiff does not get to court, there can be little doubt that if a plaintiff has his day in court it is not enough merely to show that he had papers relating to the case confiscated. He must further show that he suffered some prejudice or injury as a result of this confiscation. This plaintiff has totally failed to do in this case. He did not even call as a witness the attorney who represented him in the Putnam case. Furthermore, a factual issue for the jury remained as to whether plaintiff's papers were ever taken away from him for more than a brief period of time.
 
 
 23
 Because of the great number of cases discussing this area of the law, one can find conflicting language even within circuits; nonetheless, it appears the general rule that emerges when all of the cases are reviewed is that:
 
 
 24
 Claims based on an alleged denial of the right of access to the courts are judged by a two-prong test. To succeed, plaintiff must show both that defendants deprived him of access to legal papers or other materials needed to present his case in a meaningful fashion and that this deprivation resulted in some quantum of detriment to pending or contemplated litigation.
 
 
 25
 Partee v. Cook County Sheriff's Office, 863 F. Supp. 778, 780-81 (N.D. Ill. 1994).
 
 
 26
 In a similar vein, Strickler v. Waters, 989 F.2d 1375 (4th Cir.), cert. denied, 114 S. Ct. 393 (1993), involved a claim of denial of access to the courts in which no actual injury or specific harm was alleged or proven. The court in Strickler reviewed the cases from the various circuits on this issue, and concluded as follows:
 
 
 27
 Most federal courts of appeals have imposed an "injury" requirement on prisoners raising access to courts claims. See, e.g., Shango v. Jurich, 965 F.2d 289, 292 (7th Cir.1992)("some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation"); Crawford-El v. Britton, 951 F.2d 1314, 1322 (D.C.Cir.1991)(deprivation must be linked to an "adverse litigation effect"), cert. denied, U.S. , 113 S.Ct. 62,121 L.Ed.2d 29 (1992); Sowell v. Vose, 941 F.2d 32, 35 (1st Cir.1991)("actual, meaningful impediment to [plaintiff's] participation in the [legal] process"); Chandler v. Baird, 926 F.2d 1057, 1062 (11th Cir.1991)(no denial where plaintiff demonstrated "no relation between the alleged refusals of materials, depositions, telephone calls, mail, and even pen and paper for a proposed 'letter to the courts' and any legal proceeding which could have been affected by the refusals"); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989) ("specific instance in which [plaintiff] was actually denied access to the courts"); Crowder v. Sinyard, 884 F.2d 804, 812 n.8 (5th Cir. 1989) (reading Ryland v. Shapiro, 708 F.2d 967, (5th Cir.1983) as requiring a showing of prejudice), cert. denied 496 U.S. 924, 110 S.Ct. 2617, 110 L.Ed.2d 638 (1990); Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir. 1985)(actual impediment in access to courts); Halloway v. Dobbs, 715 F.2d 390, 392 (8th Cir.1983)("interference with or infringement of the prisoner's constitutional right of access to the courts" (internal quotations omitted)); Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir.1982) ("instance in which an inmate was actually denied access to the courts" (internal quotations omitted)); Twyman v. Crisp, 584 F.2d 352, 357 (10th Cir. 1978) (no allegation "that any of [plaintiff's] multitudinous filings have been stricken as untimely or that any of his cases have been dismissed or otherwise prejudiced").
 
 
 28
 Id. at 1383 n.10.
 
 
 29
 It should be noted that included in this survey of cases from the various circuits is our own decision in Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir. 1985), in which we indicated that proof of actual injury is necessary.[2]
 
 
 30
 In sum, when we have a case where a prisoner is complaining that the action of prison officials impeded him in a case that actually went to trial, it is incumbent upon the plaintiff to show in what manner he was prejudiced. We thus conclude that under the factual circumstances presented here, the jury instruction given by Judge Gadola was correct, and we AFFIRM the judgment in favor of the defendant.[3]
 
 
 
 [1]
 The magistrate judge did recommend that summary judgment be granted in favor of defendant Jungling, however, and there has been no appeal of this determination
 
 
 [2]
 Plaintiff cites to an earlier Sixth Circuit case, Patterson v. Mintzes, 717 F.2d 284 (6th Cir. 1983), involving the confiscation of legal papers. This case, however, is another of the cases in which what was a summary judgment had been granted in favor of the defendant prison official. Like the other cases relied upon by the plaintiff, this case deals only with what is necessary by way of allegation to state a claim, and does not address directly or indirectly the quantum or nature of proof necessary to prove a claim
 
 
 [3]
 The appeal in this case raised only one issue: Was the district court correct in instructing the jury that to prevail the plaintiff had to prove that he suffered prejudice in his Putnam lawsuit?
 In reviewing the verdict form we noted that the jury found it necessary to answer only the first question on the form. The jury was asked, "Was defendant DeLeeuw responsible for confiscation of plaintiff's legal papers and refusal to return them to him?" (App. 115.) The jury answered this question, "No", and, accordingly, answered no further questions.
 There was testimony in the case from which a reasonable juror could have concluded that plaintiff's papers were returned to him after only a brief period of being out of his possession. Since the jury is only empowered to resolve factual issues, their finding that DeLeeuw was not responsible for confiscation of plaintiff's legal papers appears to be a factual finding that DeLeeuw either was not personally involved or that, although involved, the papers were in fact returned to the plaintiff.