**Jung Bu CHUN, Plaintiff,**

v.

**NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION, New York City Fire Department, Juan Leon, William Wallace, and Willie Turner, Defendants.**

**No. 97 CIV. 1323 (CBM).**

United States District Court, S.D. New York.

Jan. 6, 1998.

---

Michael S. Kimm, New York City, for Plaintiff.

## MEMORANDUM OPINION ON MOTION OF NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION FOR SUMMARY JUDGMENT

MOTLEY, District Judge.

Defendant, New York City Department of Environmental Protection ["DEP"][1], moved to dismiss this 42 U.S.C. § 1983 case on the ground that the complaint failed to state a claim upon which relief could be granted. By Order dated November 21, 1997, the court converted the motion to dismiss into a motion for summary judgment. For the reasons stated below, the court grants DEP's motion for summary judgment and dismisses plaintiff is complaint against defendant DEP.

## BACKGROUND

Plaintiff, Jun Bu Chun, was the owner and landlord of a building in the Bronx which had four commercial stores operating in it. Defendant, DEP, is the municipal agency in charge of operating and maintaining water meters.[2] Chun alleges that DEP engaged in fraudulent overbilling practices from 1995 to

1. The other defendants, the New York City Fire Department and named individuals therein, have not moved to dismiss and, therefore, this opinion only addresses, and dismisses, plaintiff Chun's claim against the Department of Environmental Protection.

2. Technically, defendant DEP is not a suable entity. Under Federal Rule of Civil Procedure 17(b), the capacity of a party to sue or be sued is to be determined in accordance with state law. The New York City Administrative Code and Charter provide that "all actions and proceed-ings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any other agency, except where as otherwise provided by law." N.Y.C. Admin.Code and Charter ch. 16, § 396. Thus, past cases have held that DEP is not a suable entity on this basis. See, e.g., Russell Pipe & Foundry v. City of New York, 1997 WL 80601 (S.D.N.Y.). However, DEP did not object to being named in this suit and has thus waived its objection.

early 1996. As a result, in the early part of 1996, the water bill for Chun's building was very large. Chun could therefore not sell the building (since no owner would wish to assume responsibility over the bill) unless he placed funds in escrow sufficient to pay the bill pending resolution of his dispute with DEP. Chun alleges that DEP has failed to take the steps necessary to resolve this dispute or to provide a basis for its actions. Chun alleges that DEP has maintained a stated or unstated policy, practice and/or custom of deliberate indifference to customer requests seeking review of its obligations. He seeks relief under 42 U.S.C. § 1983 on the grounds that DEP has violated his substantive and procedural due process rights and has deprived him of his use and enjoyment of his financial property rights and investment income without just compensation.

## DISCUSSION

### I. Standards for Granting Summary Judgment

"Uncertainty as to the true state of any material fact defeats [a summary judgment] motions." *Gibson v. American Broadcasting Co.*, 892 F.2d 1128, 1132 (2d Cir.1989). It is not the role of the trial court to weigh the evidence presented or to resolve any factual issue, but rather it is the court's job to determine whether, after the parties have conducted adequate discovery, any such issues remain to be tried. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); Fed. R.Civ.P. 56(c). A factual issue is unresolved if a reasonable fact finder could determine in favor of either party. *See Anderson*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Gibson*, 892 F.2d at 1132. Moreover, [t]he court must view the inferences to be drawn from the facts in the light most favorable to the non-movant. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir.1985), *cert. denied*, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987). The non-moving party may defeat the motion for summary judgment by producing sufficient facts to establish a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 2551–53, 91 L.Ed.2d 265 (1986).

### II. Section 1983

■ Title 42 § 1983 provides in relevant part that "[e]very person who, under color [of law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable...." Thus, 42 U.S.C. § 1983 does not itself confer any substantive rights on litigants, but rather provides a remedy in instances in which a plaintiff demonstrates a violation of a right protected by the Constitution or by federal law. *See Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989); *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 617, 99 S.Ct. 1905, 1915, 60 L.Ed.2d 508 (1979). Chun has alleged that DEP's custom and policy of overbilling for water services and its deliberate indifference to customer attempts to rectify erroneous meter readings deprives him of the liberty and property interests secured by the Due Process Clause of the Fourteenth Amendment. With respect to property, he alleges deprivations of both procedural and substantive due process.

■ "In order to sustain an action for deprivation of property without due process of law, a plaintiff must first identify a property right, second show that the state has deprived him of that right, and third show that the deprivation was effected without due process." *Local 342 et al. v. Town Bd. of Town of Huntington*, 31 F.3d 1191, 1193 (2d Cir.1994) (citation omitted). Chun alleges that DEP's actions deprive him of the use and enjoyment of his financial property. Even if Chun does have a property interest in an accurate water bill, his complaint fails.

■ With respect to his procedural due process claim, the existence of a state law remedy precludes his use of the federal courts because that remedy itself provides

due process. As a recent Second Circuit case explains:

> When reviewing alleged procedural due process violations, the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random unauthorized acts by state employees. In the latter case, *the Due Process Clause of the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property or liberty, so long as the State provides a meaningful postdeprivation remedy.* When the deprivation occurs in the more structured environment of established state procedures, rather than random acts, the availability of postdeprivation procedures will not, ipso facto, satisfy due process. *See Hellenic American Neighborhood Action Committee v. City of New York,* 101 F.3d 877, 880 (2d Cir.1996) (emphasis added).

Although Chun's complaint alleged a stated or unstated policy of overbilling, there is nothing in his complaint or in his reply papers to defendant's motion to suggest anything more than his belief that *his* meters were misread, and the pattern/custom element is the repeated non-receptiveness of the DEP to his letters. In other words, the pattern he refers to is a patter of behavior with respect to him. Even assuming that the DEP has been negligent or worse in its treatment of its billing dispute with Mr. Chun, this stance conforms more closely to unauthorized acts rather than to established state procedures. The remedy of an Article 78 procedure serves to satisfy procedural due process.

■ Chun does not even address the existence of a state procedural remedy, although he implicitly acknowledges it: "Defendant's only basis for seeking dismissal is that plaintiff's 'procedural protection' was not violated ... Defendant totally fails to address plaintiff's substantive due process right, which is separate and apart from his procedural due

process right." *Pl.'s Mem. of Law in Supp. of his Cross–Mot. For Summ. J.,* 6.[3] However, Chun's substantive due process claim fails as well. This circuit recognizes substantive due process claims which involve "fundamental" rights, which an interest in an accurate individual water bill is not, especially where the state has provided a procedural remedy. *Local 342,* 31 F.3d at 1196 ("It is well settled that where the alleged right cannot be considered so rooted in the traditions and conscience of our people as to be ranked as fundamental, notions of substantive due process will not apply.") (citations omitted).

To the extent that Chun's substantive due process argument relies on the case *Morello v. James,* 810 F.2d 344 (2d Cir.1987) to show that substantive property interests can be vindicated in federal courts, the reliance is misplaced. In *Morello* the court was willing to entertain the substantive due process claim only because the right in question was a fundamental right; the case addressed access to the courts. *See id.* at 346 ("The right of access to the courts is substantive rather than procedural.").

### III. Conclusion

Chun's procedural and substantive due process claims under 42 U.S.C. § 1983 both fail. With respect to the procedural claim, state procedural protections preclude a federal remedy. With respect to the substantive due process claim, an interest in a fair water bill is not such a fundamental right that it triggers the due process clause's substantive protections. Therefore, defendant DEP's motion for summary judgment is granted and the case against DEP is dismissed.

---

**3.** When the court converted defendant's motion to dismiss into a motion for summary judgment, it gave both parties the opportunity to submit supplemental materials. Without a notice of motion, Chun, who apparently misunderstood the court's directive, filed a cross-motion for summary judgment and tried to obtain a default judgment against defendant because defendant chose not to submit supplemental papers.