08-4702-pr
Montanez v. Cuoco, et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of January, two thousand ten.

PRESENT: DENNIS JACOBS,
                         **Chief Judge**,
               ROBERT D. SACK,
               PETER W. HALL,
                         **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X
**FELIX MONTANEZ,**

               **Plaintiff-Appellant**,

               **-v.-**                                08-4702-pr

**CORRECTIONAL OFFICER CUOCO and
LIEUTENANT FISHER,**

               **Defendants-Appellees**.
- - - - - - - - - - - - - - - - - - - -X

**APPEARING FOR APPELLANT:**    Felix Montanez, pro se,
                                 Suffield, CT.

1

**APPEARING FOR APPELLEES:**     Lynn D. Wittenbrink, Assistant Attorney General, <u>for Richard Blumenthal</u>, Attorney General of the State of Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Kravitz, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED in part, VACATED in part**, and **REMANDED** for further proceedings consistent with this order.

Plaintiff-appellant Felix Montanez appeals from a judgment of the United States District Court for the District of Connecticut (Kravitz, <u>J.</u>), which dismissed the complaint pursuant primarily to Federal Rule of Civil Procedure 12(b)(6). The complaint alleged, *inter alia*, that prison officials denied Montanez access to the courts. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The judgment from which Montanez appeals relied on a July 28, 2008 order, which, *inter alia*, permitted Montanez to "file a motion to reconsider (along with an Amended Complaint)" by August 19, 2008 in order to (i) state a retaliation claim, (ii) address any misconstructions of his complaint by the district court, and (iii) provide any information that would render viable his right-of-access claim. Montanez failed to do so. Although Montanez moved for and received an extension of time to file a notice of appeal, there was no extension of the August 19, 2008 deadline for filing a motion to reconsider and an amended complaint. Nevertheless, on September 19, 2008, Montanez filed such documents along with his timely notice of appeal. Because the notice of appeal ousted the district court of jurisdiction, the court denied (without prejudice) Montanez's motions for reconsideration and to file an amended complaint. Montanez did not appeal that ruling. Accordingly, the new facts which Montanez sought to raise in his amended complaint and raised in his appellate briefing were never properly presented to the district court.

We will not consider those new facts here. "[I]ssues raised for the first time on appeal will not be considered unless consideration of the issue is necessary to avoid

2

manifest injustice or the issue is purely legal and requires no additional fact-finding." Duamutef v. O'Keefe, 98 F.3d 22, 25 (2d Cir. 1996); see also Leibowitz v. Cornell Univ., 445 F.3d 586, 592 n.4 (2d Cir. 2006) (per curiam). Montanez's presentation of new facts suggests that the issue is not purely legal. Moreover, we see no manifest injustice given the district court's explicit invitation for Montanez to file a motion for reconsideration and an amended complaint.

However, it appears likely that Montanez conflated the two deadlines for filing the notice of appeal and the amended complaint. In light of the leniency accorded to *pro se* litigants, we hereby vacate and remand to the district court to consider in the first instance whether it would be appropriate to permit Montanez to now file an amended complaint. Cf. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) ("We construe complaints filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." (internal quotation marks and citation omitted)). In particular, we focus on Montanez's attempt to plead a right-of-access claim and a retaliation claim.

The district court concluded that Montanez failed to state a right-of-access claim for two reasons. First, the original complaint alleged only that unspecified "legal papers" were confiscated; and he thus failed to plead that "he was engaged in litigation to which the right of access to courts extends." The district court relied on Lewis v. Casey, 518 U.S. 343 (1996), and Friedl v. City of New York, 210 F.3d 79 (2d Cir. 2000), for the proposition that inmates have a right of access to the courts that is limited to "direct appeals from their convictions, petitions for writ of habeas corpus and actions challenging the conditions of their confinement." In the context of the state's affirmative obligation to provide resources (such as a prison law library or legal assistance program) and thereby incur expenses, these cases support such a limitation. See Lewis, 518 U.S. at 355 (evaluating the adequacy of prison law library facilities and legal assistance programs, the right of access to the courts requires states to provide "[t]he tools . . . that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement"); Friedl, 210 F.3d at 86-87 (relying on Lewis to permit "an administrative challenge by a prisoner

3

to the conditions of his confinement"); see also Monsky v. Moraghan, 127 F.3d 243, 246 (2d Cir. 1997) ("[T]he right of access may include affording prisoners who are preparing legal papers adequate law libraries or adequate assistance from persons trained in the law, at least for those challenging their sentences or the conditions of confinement." (internal quotation marks and citations omitted)).

However, there is at least a question as to whether an inmate's right of access to the courts is so confined in the context of interference--as in this case, where a prison guard allegedly confiscated an inmate's legal documents. See, e.g., Bourdon v. Loughren, 386 F.3d 88, 93 & n.8 (2d Cir. 2004) (recognizing that the right of access to the courts "ensur[es] that all citizens have the right to sue and defend in the courts," and that for prisoners "defending against criminal charges, challenging convictions and sentences, and raising civil rights claims about the conditions of their confinement," the right-of-access has a "particular application" which additionally requires the provision of the necessary "tools" (internal quotation marks, citations, and brackets omitted)); Morello v. James, 810 F.2d 344, 347 (2d Cir. 1987) (discussing the state's "obligation [to] provid[e] a prisoner access to the legal resources necessary to prepare" an appeal of his criminal convictions, and the state's separate obligation not to deprive a prisoner of his legal papers (regardless of the subject of the litigation) because such "intentional obstruction of a prisoner's access to the courts is precisely the sort of oppression that the Fourteenth Amendment and section 1983 are intended to remedy"); id. at 346-47 ("The right of access to the courts is substantive rather than procedural. Its exercise can be shaped and guided by the state, but cannot be obstructed, regardless of the procedural means applied." (internal citations omitted)); Michael B. Mushlin, Rights of Prisoners § 12.6 (3d ed. 2002) ("Even though these courts do not recognize a right to state-sponsored assistance of access for civil matters not connected with conditions of confinement, this does not mean that prison officials may obstruct inmates from bringing such claims or retaliate against them if they do."). Given this question, the district court may seek to assign pro bono counsel to represent Montanez on remand.

Second, the district court determined that Montanez did not allege actual injury. "In order to establish a

4

violation of a right of access to courts, a plaintiff must demonstrate that a defendant caused actual injury, *i.e.*, took or was responsible for actions that hindered a plaintiff's efforts to pursue a legal claim." Monsky, 127 F.3d at 247 (internal quotation marks, citations, and brackets omitted). The original complaint alleged only that unspecified "legal papers" were confiscated. Montanez alleged in his appellate briefing that the confiscated legal documents "include[], but were not limited to, exhibits, proofs, pleadings in the development, applications, administrative remedies (and their responses), personal and confidential information pertaining to a medical malpractice action, visitation rights[] action, and matters relating to the benefit and well-being of Plaintiff's three (3) children in [Department of Children and Families] custody." Montanez further alleges that some of the allegedly confiscated documents were the "only copies of supporting evidentiary exhibits." He explained that the alleged confiscation "caused him to lose standing . . . because [he] was unable to meet filing time requirements as mandated by statutory civil procedure," he "could not pursue matters in litigation," and "his actions were dismissed." We do not decide whether these new facts plead actual injury. If the district court allows Montanez to file an amended complaint, it should evaluate whether these new facts (and any other facts that Montanez may add) sufficiently allege that defendants-appellants' actions hindered Montanez's efforts to pursue a legal claim.

In his appellate briefing, Montanez seeks to raise a retaliation claim. If the district court allows Montanez to file an amended complaint, it should evaluate whether Montanez sufficiently pleads a retaliation claim.

Following de novo review of the record of the proceedings before the district court and Montanez's contentions on appeal, we find no merit in Montanez's remaining arguments and affirm all other aspects of the district court's decision. We hereby **AFFIRM** in part, **VACATE** in part, and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK