Theodore WEG, Plaintiff–Appellee–
Cross–Appellant,

v.

Frank J. MACCHIAROLA, individually and as Chancellor of the Board of Education of the City of New York; Dan A. Landes, individually and as Assistant District Attorney of New York County; Joyce R. Coppin, individually and as Deputy Executive Director of the Division of Personnel of the Board of Education; Lynne Coffin, individually and as an attorney for the Office of Legal Services of the Board; Joseph G. Barkan; Miguel O. Martinez; Amelia Ashe; Robert Christen; Irene Impellizeri; Marjori Lewis; James F. Regan (as members of the Board of Education of the City of New York); John Doe, Richard Roe, Defendants (In 92–7730),

Stanley N. Lupkin, individually and as Commissioner of the Department of Investigation of the City of New York; Richard Halverson, individually and as Deputy Chancellor of the Board of Education of the City of New York; F. Newins, individually and as a Police Officer, N.Y.P.D.;  Board of Education of the City of New York;  and the City of New York,  Defendants–Appellees  (In  92–7818),

E. Gordon Haesloop, individually and as Deputy Commissioner of the Department of Investigation of the City of New York; Rolf Moulton, individually and as Director of the Computer Security Services Unit of the Department of Investi-

gation of the City of New York; and David Wolovick, individually and as Director of the Bureau of Supplies of the Board of Education, Defendants–Appellants–Cross–Appellees (In 92–7730, 92–7818).

Nos. 587, 930, Docket 92–7730, 92–7818.

United States Court of Appeals,
Second Circuit.

Argued Dec. 3, 1992.

Decided June 4, 1993.

Ernest H. Hammer, New York City, for plaintiff-appellee.

Linda H. Young, Asst. Corp. Counsel of City of New York, New York City (O. Peter Sherwood, Corp. Counsel of City of New York, Larry A. Sossenshein, Leonard Koerner, Marcia Goffin, Pamela Seider Dolgow, of counsel), for defendants-appellants Haesloop, Moulton and Wolovick.

Before: LUMBARD, WINTER, and MAHONEY, Circuit Judges.

WINTER, Circuit Judge:

This is an appeal from Judge Leisure's denial of a motion for summary judgment based on a claim of qualified immunity. The appellants and their employment at pertinent times are E. Gordon Haesloop, Deputy Commissioner of the Department of Investigation of the City of New York ("DOI"), Rolf Moulton, Director of the Computer Security Services Unit of DOI, and David Wolovick, Director of the Board of Education's Bureau of Supplies.[1] We reverse.

In 1981, Theodore Weg was suspended from his position as a Board of Education computer systems manager after a routine audit revealed material unrelated to his work on his computer. The information included breeding programs with the genealogies of many horses, horse betting information, pur-

---

1. Weg filed a cross-appeal but subsequently with- drew it.

chase orders for computer equipment, resumes, and mailing label programs. This evidence of use of a Board of Education computer to process data relevant to horse breeding and betting aroused suspicions that Weg might be utilizing the computer for his personal and commercial benefit in violation of the New York Theft of Services statute.[2] Appellants, and others, participated in various ways in the investigation, arrest, and prosecution of Weg for Theft of Services. *See* N.Y.PENAL LAW § 165.15(10) (McKinney Supp.1993). Of course, the District Attorney's Office, not appellants, made the actual decision to prosecute Weg. *See Baez v. Hennessy,* 853 F.2d 73, 77 (2d Cir.1988), *cert. denied,* 488 U.S. 1014, 109 S.Ct. 805, 102 L.Ed.2d 796 (1989) (stating "the district attorney, and the district attorney alone, should decide when and in what manner to prosecute a suspected offender"). Nevertheless, we may assume for purposes of this appeal that the appellants actively sought and influenced the decision to prosecute.

During the course of Weg's prosecution, opinions conflicted as to whether the statute barred Weg's activities on his computer and, if it did, whether the activities warranted a prosecution. Assistant District Attorney Marlene Malamy did not believe that the charges against Weg were viable and wrote a memo on August 24, 1981, recommending that Weg's prosecution be discontinued. Haesloop disagreed and, in an October 5 memorandum, argued that Weg had violated the statute by deriving a commercial benefit from the computer's use. He noted that the possibility that Weg's benefit might be only "de minimus" posed no obstacle to the prosecution, which he opined should continue.

In 1982, Judge Michael R. Juviler of the Criminal Court of the City of New York, Kings County, ruled that a computer was not business equipment within the meaning of the relevant statute and dismissed the information against Weg. *People v. Weg,* 113 Misc.2d 1017, 450 N.Y.S.2d 957 (Crim.Ct. Kings Co.1982). Thereafter, Assistant District Attorney Barbara Underwood, Chief of Appeals in the Kings County District Attorney's Office, wrote a memorandum urging that the "clearly erroneous" dismissal of Weg's charges be appealed. Underwood stated that the decision was "plainly wrong" because "there is no reason in logic or language or policy to exclude" computers from the term "equipment." Without reaching the statutory construction issue, the Appellate Division affirmed this dismissal on the ground that the information failed to specify the use to which Weg put the computer.

Claiming that, *inter alia,* he had been the victim of a malicious prosecution and false arrest, Theodore Weg filed this Section 1983 action against Haesloop, Moulton, Wolovick and others in 1984. *See* 42 U.S.C. §§ 1983, 1985 (1988).

Appellants sought summary judgment on the ground that their actions were protected by qualified immunity. *Weg v. Macchiarola,* 729 F.Supp. 328 (S.D.N.Y.1990). Although the district court concluded that probable cause existed for Weg's arrest and the initial prosecution, *Weg,* 729 F.Supp. at 334–35, it denied appellants' motion for summary judgment based on qualified immunity because "at this time" "there is a genuine issue of fact as to whether the continuation of the prosecution after the receipt of Malamy's memorandum was objectively reasonable." *Id.* at 336. Appellants did not appeal this 1990 denial of the summary judgment motion.

On the eve of trial roughly two years later, they renewed their motion for summary judgment. They requested, *inter alia,* that the court reconsider its earlier ruling on the qualified immunity defense in light of recent decisions, including *Cartier v. Lussier,* 955 F.2d 841 (2d Cir.1992). In denying their motion, Judge Leisure stated "*Cartier* did not work a change in the law of qualified

---

**2.** A person is guilty of Theft of Services if he [obtains or has] control over labor in the employ of another person, or of business, commercial or industrial equipment or facilities of another person, knowing that he is not entitled to the use thereof, and with intent to derive a commercial or other substantial benefit for himself or a third person, he uses or diverts to the use of himself or a third person such labor, equipment or facilities.

N.Y.PENAL LAW § 165.15(10) (McKinney Supp. 1992). Prior to Weg's arrest, no policy existed as to personal computer use by employees of New York City.

immunity.... [I]t is clear that the Court's earlier denial of summary judgment on the qualified immunity issue has not been undermined by an intervening change in the law." *Weg v. Macchiarola*, No. 84–4430, 1992 WL 168322, at *10 (S.D.N.Y. July 1, 1992), *rearg. denied*, 1992 WL 183406 (S.D.N.Y. July 21, 1992). Appellants then brought this appeal.

■ Summary judgment may be granted if, when viewing the evidence in the light most favorable to the nonmovant, the court can determine that "there is no genuine issue of material fact and the mov[ant] is entitled to judgment as a matter of law." *Suburban Propane v. Proctor Gas, Inc.*, 953 F.2d 780, 788 (2d Cir.1992); *see also Eastman Kodak Co. v. Image Technical Servs., Inc.*, —— U.S. ——, ——, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992) (explaining that " 'all justifiable inferences are to be drawn in [the nonmovant's] favor' ") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Binder v. Long Island Lighting Co.*, 933 F.2d 187, 191 (2d Cir.1991); Fed.R.Civ.P. 56. If the movant satisfies the burden of establishing that there is no genuine issue of material fact, then the burden shifts to the nonmovant to proffer evidence demonstrating that a trial is required because a disputed issue of material fact exists. *See Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511.

■ Appellants contend that summary judgment should have been granted because they were entitled to receive qualified immunity protection as a matter of law. "Public officials are entitled to qualified immunity from liability for civil damages.... As long as their conduct does not violate a clearly established statutory or constitutional right, they cannot be held liable." *Mozzochi v. Borden*, 959 F.2d 1174, 1177 (2d Cir.1992); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818–19, 102 S.Ct. 2727, 2738–39, 73 L.Ed.2d 396 (1982). Officials receive this protection if they establish that it was objectively reasonable to believe that their acts did not violate clearly established rights. *See Anderson v. Creighton*, 483 U.S. 635, 637–41, 107 S.Ct. 3034, 3037–40, 97 L.Ed.2d 523 (1987); *Hurl-*

*man v. Rice*, 927 F.2d 74, 78 (2d Cir.1991); *Cartier*, 955 F.2d at 843. Government officials' actions must be "assessed in light of the legal rules that were 'clearly established' at the time [that the action] was taken." *Anderson v. Creighton*, 483 U.S. at 639, 107 S.Ct. at 3038–39 (citation omitted). In addition, we have stated that "when reasonable officers could disagree as to whether probable cause exists, the immunity defense is available." *Cartier*, 955 F.2d at 846; *O'Neill v. Town of Babylon*, 986 F.2d 646, 649–50 (2d Cir.1993); *see also Anderson v. Creighton*, 483 U.S. at 641, 107 S.Ct. at 3039–40.

■ We believe that there was at all pertinent times probable cause as a matter of law to initiate and to continue a prosecution against Weg based upon the Theft of Services statute. That statute utilizes broad language that can easily be interpreted to cover Weg's conduct. Indeed, giving the words their natural meaning, Weg might reasonably be perceived to have had "control over ... business ... equipment of [the Board of Education], knowing that he [was] not entitled to the use thereof, and with intent to derive a commercial or other substantial benefit for himself [and to have] use[d] ... such ... equipment...." N.Y. PENAL LAW § 165.-15(10). Notwithstanding Judge Juviler's narrowing interpretation and Malamy's supporting memorandum, there was at pertinent times no authoritative New York decision that diversion by an employee of an employer's computer to personal use does not fall within the Theft of Services statute. That was true at the time the prosecution was brought against Weg and apparently is the situation today. Where statutory language may be easily read to cover particular conduct, a prosecution based on that language does not lose immunity absent "clearly established" caselaw to the contrary. *See O'Neill*, 986 F.2d at 650; *Mozzochi*, 959 F.2d at 1179–80. Public officials do not lose a qualified immunity when their conduct is reasonably based upon the language of a statute even though some attorneys, trial courts, or even intermediate appellate courts have ruled otherwise. *See O'Neill*, 986 F.2d at 650. In the instant matter, it cannot be said that viewing computers as "business equipment" is unrea-

sonable. In such circumstances, Weg's right to be free of a prosecution based on the Theft of Services statute is hardly "clearly established."

We do note that the criminal prosecution of someone who has used an employer's computer for personal purposes may seem entirely unreasonable where such use has neither caused any loss to the employer nor interfered with the performance of the employee's duties. However, the civil rights of such an employee are not violated by an imprudent and perhaps wasteful prosecutorial decision so long as probable cause exists.

We therefore reverse.