Carlos LAZODA, Plaintiff,

v.

Sergeant Jerry P. MAGGY; Investigator Thomas W. Kirwan; Lieutenant Robert Defayette, Eugene S. Lefevre, Superintendent of Clinton Correctional Facility; John Bourdon, Family Reunion Coordinator; Doctor Earl B. Moore, Assistant Commissioner; Patrick J. McGann, First Deputy Superintendent; Thomas Coughlin; Robert Sweeney; Thomas Mansfield, Defendants.

No. 85–CV–1610.

United States District Court, N.D. New York.

Oct. 2, 1995.

7. Finally, MPPAA requires the recovery of attorneys' fees. 29 U.S.C. § 1132(g)(2)(D).

Salvatore J. Piemonte, Syracuse, New York, for plaintiff.

Dennis C. Vacco, New York State Attorney General, Albany, New York (Judith I.

Ratner, Assistant Attorney General, of counsel), for defendants.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Senior District Judge.

Plaintiff brought this civil rights suit under 42 U.S.C. § 1983, alleging in his *pro se* complaint violations of his rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. In its December 21, 1990 Memorandum–Decision and Order ("MDO"), the court declined to accept the Magistrate's Report–Recommendation in the instant case and directed the Magistrate to conduct further findings. After making additional findings of fact, the Magistrate recommended that the court deny defendants' motion for summary judgment. Presently before the court is defendants' renewed motion for summary judgment dismissing plaintiff's civil rights claim. Plaintiff, with the assistance of court-appointed counsel, opposes defendants' motion.

## I. BACKGROUND

As the instant motion is one for summary judgment brought pursuant to Rule 56 of the Federal Rules of Civil Procedure, the court construes the following facts in a light most favorable to plaintiff. *Rattner v. Netburn*, 930 F.2d 204, 209 (2d Cir.1991). Plaintiff Carlos Lazoda was an inmate at the Clinton Correctional Facility ("CCF") on July 11, 1985, when he was met by Investigator Thomas W. Kirwan and Sergeant Jerry P. Maggy. Maggy is a corrections officer at CCF. Kirwan is a senior investigator in the narcotics unit of the New York State Office of the Inspector General. Kirwan obtained the assistance of Maggy in enforcing a federal district court subpoena requiring plaintiff to provide handwriting exemplars ("exemplars") and hand, palm and finger prints ("prints") in relation to an investigation of drug trafficking at CCF.

Kirwan identified himself to plaintiff and said that he had a subpoena requiring plaintiff to provide his exemplars and prints. Plaintiff saw the subpoena in Kirwan's possession but never obtained the original or a copy of the subpoena. Plaintiff told Kirwan that he would not comply with the subpoena until he spoke with an attorney and had an opportunity to contest its validity. At Kirwan's request, Maggy ordered plaintiff to comply with the subpoena, but plaintiff again refused, explaining that he wanted to speak with an attorney. Maggy then told plaintiff that he would file a misbehavior report if plaintiff refused to comply with Maggy's direct order. Plaintiff again refused to comply. The officers escorted plaintiff back to his cell and Maggy subsequently filed an "Inmate Misbehavior Report", cosigned by Kirwan. The report charged plaintiff with violating correctional facility rules by refusing to obey a direct order. Inmate Misbehavior Report, Exhibit ("Exh.") A attached to Notice of Motion, Document ("Doc.") 13.

Plaintiff was given the assistance of a CCF employee to prepare for the hearing, Assistant Selection Form, Exh. A attached to Notice of Motion, Doc. 13, and was allowed to testify at the hearing. At plaintiff's request, Maggy testified at the hearing and plaintiff cross-examined him. Plaintiff was found guilty of refusing to obey a direct order and was committed to 30 days confinement with loss of privileges, including the loss of conjugal visits. Disciplinary Hearing Disposition, Exh. A attached to Notice of Motion, Doc. 13. The hearing officer's decision was affirmed by the CCF Superintendent upon appeal. Appeal Form to the Superintendent, Exh. A attached to Notice of Motion, Doc. 13.

Plaintiff instituted this § 1983 action against numerous prison officials, principally objecting that Kirwan and Maggy filed the misbehavior report in retaliation for plaintiff's refusal to comply with the subpoena, and objecting to the hearing officer's determination. Plaintiff alleges that defendants' actions violated his Fourth Amendment right to privacy, Fifth Amendment right against self-incrimination, Sixth Amendment right to counsel, Eighth Amendment right against cruel and unusual punishment, and Fourteenth Amendment right to due process. Plaintiff seeks monetary relief and an order enjoining defendants from ordering him to comply with a subpoena without first provid-

ing plaintiff the opportunity to challenge the subpoena with the assistance of counsel.

Defendants filed a motion for summary judgment asserting qualified immunity and claiming that plaintiff failed to state a cause of action because none of defendants' actions violated plaintiff's constitutional rights. Affidavit of Judith I. Ratner, attached to Notice of Motion, Doc. 13; Defendants' Memorandum of Law, Doc. 14.

In a Report–Recommendation to this court, Magistrate–Judge Smith recommended that defendants' motion for summary judgment be granted. July 31, 1990 Report–Recommendation, Doc. 24. Specifically, the Magistrate concluded that plaintiff failed to state a cause of action under the Self–Incrimination Clause of the Fifth Amendment because exemplars and fingerprints are "identifying physical characteristics and not within the protection of the Fifth Amendment." July 31, 1990 Report–Recommendation, Doc. 24, at 4; see Gilbert v. California 388 U.S. 263, 266–67, 87 S.Ct. 1951, 1952–53, 18 L.Ed.2d 1178 (1967) ("taking of exemplars did not violate petitioner's Fifth Amendment privilege against self-incrimination"); see also Doe v. United States, 487 U.S. 201, 207, 108 S.Ct. 2341, 2345, 101 L.Ed.2d 184 (1988).

The Magistrate also concluded that plaintiff's Sixth Amendment right to counsel did not attach because no criminal proceeding had been instituted against plaintiff and the taking of his exemplars and prints were not part of any pending criminal proceeding. July 31, 1990 Report Recommendation, Doc. 24, at 4.

Although plaintiff did not expressly make a claim under the Fourth Amendment, the Magistrate nevertheless concluded that such a claim would fail because plaintiff had no expectation of privacy in his exemplars or prints. July 31, 1990 Report–Recommendation, Doc. 24, at 4; see also Hudson v. Palmer, 468 U.S. 517, 529–30, 104 S.Ct. 3194, 3201–02, 82 L.Ed.2d 393 (1984).

As to plaintiff's complaint that he was denied conjugal visits during his period of administrative confinement, the Magistrate concluded that plaintiff had no property right to participate in the prison's Family Reunion Plan which administers the conjugal visit program. Thus plaintiff's right to due process was not violated when he was denied conjugal visits. The Magistrate further concluded that because plaintiff had no constitutional right to participate in the Family Reunion Plan, it was neither cruel nor unusual to deny him conjugal visits. July 31, 1990 Report–Recommendation, Doc. 24, at 4.

Further, plaintiff failed to allege a sufficient procedural due process claim under the Fourteenth Amendment because he "received all process to which he was entitled." July 31 Report–Recommendation, Doc. 24, at 4. In addition, plaintiff did not directly challenge the procedures used. Rather, plaintiff challenged the result reached by the hearing officer—one based upon an allegedly illegal order to comply with the subpoena. July 31, 1990 Report–Recommendation, Doc. 24, at 5.

Lastly, plaintiff alleged conspiracy and racial discrimination. The magistrate found plaintiff's claims totally conclusory and unsupported. First, plaintiff failed to plead specific facts in support of either claim. With regard to the conspiracy claim, plaintiff did not present any evidence tending to show an agreement to commit an improper act. As to the claim based on his race, plaintiff "presented no concrete allegation as to any improper action based on his race but has merely added this as an apparent afterthought at the end of his complaint." July 31, 1990 Report–Recommendation, Doc. 24, at 6.

In its December 21, 1990 MDO, the court substantially agreed with Magistrate Smith's Report–Recommendation but declined to approve the report. Instead, the court directed the Magistrate to conduct further proceedings to allow the parties to focus on several factual issues necessary for proper consideration of plaintiff's due process claim. This court recognized that "[a]n order issued by a prison official to an inmate to produce handwriting samples and fingerprints, arguably connected with legitimate security concerns in the prison, would be immediately enforceable." December 21, 1990 MDO, Doc. 28, at 7 (citing Hudson v. Palmer, 468 U.S. 517, 528 n. 8, 104 S.Ct. 3194, 3201 n. 8, 82 L.Ed.2d 393

(1984); *United States v. Cohen,* 796 F.2d 20, 24 (2d Cir.), *cert. denied,* 479 U.S. 854, 107 S.Ct. 189, 93 L.Ed.2d 122 (1986)). Thus, the specific language used by defendant Maggy ordering plaintiff to provide exemplars and prints is important because "if Maggy did not incorporate the subpoena itself into his order, but rather instructed plaintiff at that time to provide the [exemplars and prints], then plaintiff's refusal would be a violation of [a prison rule] and punishment would be justified in accordance with prison rules." December 21, 1990 MDO, Doc. 28, at 7.

The Magistrate was directed to address whether: 1) the subpoena was properly served on plaintiff; 2) the order issued by Maggy was a direct order to provide the exemplars and prints, or whether Maggy's order specifically required plaintiff to comply with the subpoena; and 3) the subpoena was enforceable prior to the July 12, 1985 return date. December 21, 1990 MDO, Doc. 28, at 4–5; 7–8.

In his subsequent Report–Recommendation the Magistrate concluded that the evidence unequivocally supported a finding that Maggy ordered plaintiff to comply with the subpoena. June 17, 1991 Report–Recommendation, Doc. 33, at 4–5. Secondly, the Magistrate found that the subpoena required compliance "on or before July 12, 1985, and since plaintiff was charged with a violation of an order to comply with it on July 11, 1985, there is a question as to whether or not the order by Maggy was proper and whether there is evidence sufficient to support a finding of disobedience to that order." June 17, 1991 Report–Recommendation, Doc. 33, at 5. Lastly, the Magistrate found that there exists an issue of fact as to whether the subpoena was properly served on plaintiff. June 17, 1991 Report–Recommendation, Doc. 33, at 3–4. Based on the foregoing, the Magistrate recommended that defendants' motion for summary judgment be denied. *Id.*

Presently before the court is defendants' renewed motion for summary judgment. Notice of Motion, Doc. 42. Defendants first assert that none of the factual disputes addressed by the second Magistrate's Report–Recommendation are material to the instant summary judgment motion. Secondly, defendants claim they are entitled to judgment as a matter of law because the complaint fails to state a claim for relief and because the suit is barred by the common law doctrine of qualified immunity. Notice of Motion, Doc. 42, at 1–2.

The court first notes that defendants' motion to dismiss the instant suit for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure must be treated as a motion for summary judgment pursuant to Rule 56(c) because matters outside the pleadings are presented. Fed.R.Civ.P. 12(b). From the outset of the instant case, defendants have consistently asserted that they are immune from suit. *See* Defendants' Affidavit, attached to Notice of Motion for Summary Judgment, Doc. 13. The court did not decide that issue because there appeared to be genuine issues of material fact precluding a determination of defendants' motion to dismiss the suit. Presently, the court believes that there is sufficient information upon which to render a decision with regard to defendants' immunity defense.

## II. DISCUSSION

For the reasons articulated in its December 21, 1990 MDO, the court approves the Magistrate's July 31, 1990 Report–Recommendation to the extent that defendants' motion for summary judgment is granted with regard to plaintiff's causes of action under the Fourth, Fifth, Sixth and Eighth Amendments, and his claims of racial discrimination and conspiracy. December 21, 1990 MDO, Doc. 28, at 2–4; *see also* July 31, 1990 Report–Recommendation, Doc. 24, at 4–6. The only remaining cause of action in the instant suit is plaintiff's assertion that he was denied due process of law under the Fourteenth Amendment because Maggy and Kirwan filed a retaliatory misbehavior report against him and because the hearing officer erroneously concluded that plaintiff disobeyed an order. The court turns to an analysis of plaintiff's due process claim under the Fourteenth Amendment and to defendants' assertion of qualified immunity.

### A. Summary Judgment Principles

■ The principles this court must apply in analyzing the pending motion for sum-

mary judgment are well established. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment shall enter if, when viewing the evidence in the light most favorable to the nonmovant, the court determines that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456, 112 S.Ct. 2072, 2076, 119 L.Ed.2d 265 (1992); *United States of America v. Rem*, 38 F.3d 634, 643–44 (2d Cir.1994). When the moving party does not bear the ultimate burden of proof on an issue, that party satisfies its summary judgment burden by "point[ing] to the absence of evidence to support an essential element of the non-moving party's claim." *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir.1986). Where the movant shoulders the burden of proof, it must establish that there is no genuine issue of material fact to be decided regarding any essential element of that party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In either case, if the movant satisfies its initial summary judgment burden, then the burden shifts to the nonmovant to proffer evidence demonstrating that a trial is required because a disputed issue of material fact exists. *Weg v. Macchiarola*, 995 F.2d 15, 18 (2d Cir.1993). In other words, the opposing party must show that there exists a "genuine issue by coming forward with evidence that would be sufficient, if all reasonable inferences were drawn in his favor, to establish the existence of that element at trial." *Rem* 38 F.3d at 643–44 (citations omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law" are considered material so as to preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). When the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). To avoid the entry of summary judgment, Rule 56(e) requires the opposing party to come forward with specific facts that demonstrate the existence of issues which must be decided by a fact-finder "because they may reasonably be decided in favor of either party." *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir.1990).

The district court's function on a summary judgment motion is not to weigh the evidence or to resolve disputed issues of fact; rather, the court must determine whether there is a genuine factual issue for trial. *Eye Associates, P.C. v. IncomRx Systems Ltd. Partnership*, 912 F.2d 23, 26 (2d Cir.1990). In so doing, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *Rattner v. Netburn*, 930 F.2d 204, 209 (2d Cir. 1991). This does not mean that the court will make assumptions to benefit the non-moving party. Only where the facts specifically set forth by the nonmoving party in accordance with Rule 56(e) contradict facts specifically averred by the movant, will the court determine that a genuine issue exists to preclude the entry of summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695 (1990); *see also Nat'l Union Fire Ins. Co. v. Turtur*, 892 F.2d 199, 203 (2d Cir.1989) ("if the party opposing summary judgment generates uncertainty as to the true state of any material fact ... summary judgment is inappropriate").

### B. Qualified Immunity Principles

Defendants have steadfastly asserted from the outset of the instant case that they enjoy qualified immunity from suit. Qualified immunity is a question of law for the court to decide, *Hunter v. Bryant*, 502 U.S. 224, 228, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991), and the issue should be resolved "at the earliest possible stage in litigation." *Hunter* 502 U.S. at 227, 112 S.Ct. at 536 (citations omitted); *see also Castro v. United States*, 34 F.3d 106, 112 (2d Cir.1994). Indeed, the common law doctrine of immunity is a defense in a class by itself in that "the entitlement is an *immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985) (emphasis in original).

**602**

■ "[O]n a motion for summary judgment on the ground of qualified immunity, the defendants bear the burden of showing that *as to that defense* there is no genuine issue of material fact to be tried." *Castro*, 34 F.3d at 112 (2d Cir.1994) (emphasis added) (citing *Robison v. Via*, 821 F.2d 913, 922–23 (2d Cir.1987)). In addition, the court must examine the applicable substantive law in order to assess which facts are material to the case. *Consarc Corp. v. Marine Midland Bank, N.A.*, 996 F.2d 568, 572 (2d Cir.1993) (citation omitted).

■ It is a well-established principle of law that a government official performing discretionary functions is entitled to immunity from suit if his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Under the first prong of this analysis, the instant case must be dismissed if the right claimed by plaintiff was not clearly established at the time of the events in issue. If the right was clearly established, then the court must determine under the second prong of the analysis if it was objectively reasonable for defendants to believe that their actions "did not violate such rights as they were then clearly established." *van Emrik v. Chemung County Dep't of Social Servs.*, 911 F.2d 863, 865–66 (2d Cir.1990).

The court begins the two-pronged analysis by noting that the only remaining issue before the court is whether it was clearly established that plaintiff had a constitutional *liberty* interest, within the meaning of the Due Process Clause, that was violated by the filing of an allegedly retaliatory misbehavior report against plaintiff or by the hearing officer's allegedly erroneous decision. Plaintiff's Memorandum of Law, Doc. 48, at 5–6; Complaint, Doc. 1, at 8–10.

### a. "Clearly established right"

■ Plaintiff must show more than that some liberty interest is at stake; he must show that the interest was defined in a " 'particularized sense' so that a reasonable official would know that his actions violated plaintiff's [constitutional] rights." *Kaminsky v. Rosenblum*, 929 F.2d 922, 925 (2d Cir. 1991) (citing *Anderson v. Creighton* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987)). In determining whether a particular right was "clearly established," the court considers whether the decisional law of the United States Supreme Court and the Second Circuit support the existence of the right at the time of the events in question. *Jermosen v. Smith*, 945 F.2d 547, 550 (2d Cir.1991).

Plaintiff's due process claim is based on two closely related incidents: defendants Maggy and Kirwan's allegedly retaliatory filing of a misbehavior report against plaintiff, and the hearing officer's allegedly erroneous decision. The court deals with each of these factual situations in turn.

■ The court construes plaintiff's allegation that defendants Maggy and Kirwan filed a retaliatory misbehavior report as raising a substantive due process claim.[1] "Sub-

---

1. Although plaintiff does not complain about the *procedures* used at the hearing, if such a claim had been raised the court would likely conclude that it lacks merit. In *Freeman v. Rideout*, 808 F.2d 949 (2d Cir.1986), the Second Circuit concluded that the filing of unfounded charges against an inmate was not sufficient to establish a *per se* constitutional violation of a right to due process. The inmate was given the chance to rebut the charges in a fair disciplinary hearing, thus "curing" any constitutional violation. *Freeman*, 808 F.2d at 953.

In the instant case, the hearing was conducted in substantial compliance with the procedures mandated by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Under *Wolff*, prisoners appearing at a disciplinary hearing must be provid-

ed 24 hours written notice of the charges against them, a right to call witnesses and present documentary evidence, the aid of a staff member or inmate in presenting a defense, an impartial tribunal, and a written statement of the basis for the tribunal's decision. *Wolff*, 418 U.S. at 563–72, 94 S.Ct. at 2978–82. *See also Freeman*, 808 F.2d at 953 (citing *Wolff*, 418 U.S. at 564–66, 94 S.Ct. at 2978–79).

Here, plaintiff was given proper notice. Correctional Facility Hearing Record Sheet, Exh. A attached to Notice of Motion, Doc. 13. Plaintiff testified at the hearing and was allowed to cross-examine defendant Maggy, who was present at plaintiff's request. *Id.*; Assistance Form, Exh. A attached to Notice of Motion, Doc. 13. After the hearing, plaintiff was provided with a written

stantive due process protects individuals against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is 'incorrect or ill-advised.' Moreover, government action might be so arbitrary that it violates substantive due process 'regardless of the fairness of the procedures used.'" *Lowrance v. Achtyl,* 20 F.3d 529, 537 (2d Cir.1994) (citations omitted). In determining whether any of defendants' actions violated plaintiff's substantive due process rights, the court examines several Second Circuit decisions that treat as a substantive due process violation the filing of false disciplinary charges against a prisoner in retaliation for the exercise of constitutionally protected rights.

■ In this circuit, a prisoner's right of access to the courts that is free from retaliation by prison officials was recognized at least as early as 1976. *Mawhinney v. Henderson,* 542 F.2d 1, 3 (2d Cir.1976) ("a prisoner has a due process right of access to the courts and that no punishment may be imposed for the reasonable exercise of this right.") (citations omitted). More recently, the Second Circuit held that a complaint alleging that the taking by prison officials of an inmate's *pro se* legal materials prepared for the appeal of his criminal conviction properly pleaded a substantive due process violation. *Morello v. James,* 810 F.2d 344, 347 (2d Cir.1987) (citing *Bounds v. Smith,* 430 U.S. 817, 821–23, 97 S.Ct. 1491, 1494–95, 52 L.Ed.2d 72 (1977) ("It is now established beyond doubt that prisoners have a constitutional right of access to the courts.")); *Washington v. James,* 782 F.2d 1134, 1138 (2d Cir.1986); *Colon v. Coughlin,* 58 F.3d 865, 872 (2d Cir.1995) ("Prisoners, like non-prisoners, have a constitutional right of access to the courts and to petition the government for the redress of grievances, and prison officials may not retaliate against prisoner for the exercise of that right.") (citation omitted). In so holding, the *Morello* court concluded that the substantive constitutional right at stake was the inmate's right of access to the courts found in the First Amendment, the

Due Process Clauses of the Fifth and Fourteenth Amendments, and the Privileges and Immunities Clause of Article IV section 2. *Id.* at 346.

In *Franco v. Kelly,* 854 F.2d 584 (2d Cir. 1988), an inmate alleged that false disciplinary charges were filed against him to retaliate for his cooperation in an investigation of physical abuse and threats by prison officials. The court concluded that the prison officials' acts implicated the plaintiff's "right to petition government for redress of grievances, as guaranteed by the First and Fourteenth Amendments." *Franco,* 854 F.2d at 589 (citations omitted). The court explained that "[l]ike the right of access to the courts, the right to petition is substantive rather than procedural." *Id.* at 589 (citing *Morello,* 810 F.2d at 347). Accord *Rivera v. Senkowski,* 62 F.3d 80, 86 (2d Cir.1995) (affirming district court's decision recognizing as "clearly established" a prisoner's right against retaliation for filing grievances against prison officials). The right to petition, the court added, encompasses an inmate's right to "free and uninhibited access ... to both *administrative and judicial* forums for the purpose of seeking redress of grievances against state officers." *Franco,* 854 F.2d at 589 (citations and internal quotations omitted) (emphasis in original). *Id.*

Thus, the court holds that at the time of the events in the case at bar plaintiff had a clearly established constitutional right of access to the courts free from retaliation by prison officials. *Mawhinney,* 542 F.2d at 3; *Bounds,* 430 U.S. at 821. *Morello,* 810 F.2d at 346–47.

■ However, even if plaintiff had a right to be free from the type of retaliation alleged here, plaintiff's claim fails the second prong of the qualified immunity defense. Under this prong the court must determine whether a reasonable official would have understood that his acts were unlawful. Defendants carry the burden to show that the disputed acts were objectively reasonable. *Harlow v. Fitzgerald,* 457 U.S. 800, 815, 102 S.Ct. 2727, 2736, 73 L.Ed.2d 396 (1982).

■ Defendants primarily argue that it was reasonable for an officer to believe

statement explaining the reasons for the hearing officer's decision. Disciplinary Hearing Disposition, Exh. A attached to Notice of Motion, Doc. 13.

that plaintiff was required to comply with the direct order by defendant Maggy. An order issued by a prison official to an inmate to provide exemplars and prints, arguably connected with a legitimate security concern, is immediately enforceable. *Hudson v. Palmer*, 468 U.S. 517, 528 n. 8, 104 S.Ct. 3194, 3201 n. 8, 82 L.Ed.2d 393 (1984); see also *United States v. Cohen*, 796 F.2d 20, 24 (2d Cir.), *cert. denied*, 479 U.S. 854, 107 S.Ct. 189, 93 L.Ed.2d 122 (1986). In the case at bar, the order for plaintiff to provide exemplars and prints was part of an internal investigation regarding the introduction of drugs into CCF. Plaintiff was suspected of participating in drug-related activity in the prison. Thus, because their actions were arguably connected with a legitimate security concern, the court holds that it was objectively reasonable for defendants Maggy and Kirwan to believe that they had the authority to order plaintiff to provide exemplars and prints.

 The court also holds that it was objectively reasonable for defendants Maggy and Kirwan to believe that they were not required to allow plaintiff an opportunity to consult with counsel before complying with the subpoena. The right to counsel does not attach until the filing of formal charges. *Moran v. Burbine*, 475 U.S. 412, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986). Any claim by plaintiff that defendants violated his Sixth Amendment right to counsel is without merit because no criminal proceeding had been commenced against him.

With regard to plaintiff's complaint about the allegedly erroneous decision by the hearing officer, for the reasons just articulated the court holds that it was objectively reasonable for the hearing officer to believe that defendants Maggy and Kirwan had the authority to order plaintiff to provide the subpoenaed materials and to refuse plaintiff's request for counsel.

Viewing all the evidence and drawing all inferences in a light most favorable to plaintiff, the court concludes that defendants meet their burden with regard to showing that it was objectively reasonable to believe that their acts did not violate plaintiff's clearly established constitutional rights. Thus, the court holds as a matter of law that defen-

dants are entitled to qualified immunity from suit under 42 U.S.C. § 1983. Defendants' motion for judgment as a matter of law is hereby granted insofar as it addresses plaintiff's substantive due process claim.

### III. CONCLUSION

In sum, defendants are entitled to qualified immunity from suit and their motion for judgment as a matter of law is granted as plaintiff's due process cause of action under the Fourteenth Amendment. Also, for the reasons articulated in its December 21, 1990 MDO as well as for the reasons stated above, the court approves the Magistrate's July 31, 1990 Report–Recommendation to the extent that defendants' motion for summary judgment is granted with regard to plaintiff's claims under the Fourth, Fifth, Sixth and Eighth Amendments, and his claims of racial discrimination and conspiracy.

This case is dismissed in its entirety. The Clerk of the Court is directed to enter judgment against plaintiff, and in favor of all defendants.

It is so ORDERED.